UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff-Respondent,<br><br>v.<br><br>ROBERT MATHIS McCREERY,<br><br>Defendant-Movant. | Case No. 4:12-cv-00248-BLW<br>4:08-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**INTRODUCTION**

Pending before the Court is Robert Mathis McCreery's ("McCreery") Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1 and Crim. Dkt. 196) and the Government's Motion to Dismiss (Civ. Dkt. 14). Having reviewed the Motions, Responses, Replies, and the underlying criminal record, the Court enters the following Order granting the Government's Motion to Dismiss and dismissing the § 2255 Motion.

**BACKGROUND**

On June 24, 2008, the Government filed a Superseding Indictment naming McCreery and five others, including his father, Robert David McCreery, Sr., as Defendants. *Superseding Indictment*, Crim. Dkt. 33. McCreery was charged with

**MEMORANDUM DECISION AND ORDER - 1**

conspiracy to possess with intent to distribute and distribution of 500 grams or more of a mixture or substance containing methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1) (Count One), use of mail for murder for hire in violation of 18 U.S.C. §§ 1958 and 2 (Count Four), and two counts of tampering with a witness by attempting to kill in violation of 18 U.S.C. §§ 1512(a)(1)(A), (k), and 2, and attempting to cause physical harm in violation of 18 U.S.C. § 1512(a)(2)(A), (k), and 2, respectively (Counts Five and Six). At McCreery's arraignment on August 28, 2008, Attorney Kevin Peterson was appointed to represent him. *Minutes*, Crim. Dkt. 66. McCreery waived detention. *Waiver and Order of Detention*, Crim. Dkt. 72.

On October 24, 2008, the Government filed a Plea Agreement pursuant to which McCreery agreed to plead guilty to Counts One and Six in return for dismissal of Counts Four and Five. *Plea Agreement*, Crim. Dkt. 82. On November 5, 2008, the Government filed a Superseding Information giving notice of intent to seek a sentencing enhancement pursuant to 21 U.S.C. § 851 based on a June 11, 2007 felony conviction for possession of a controlled substance with intent to deliver methamphetamine in the Sixth Judicial District, Bannock County, State of Idaho, Case No. CR-2006-23932-FE. *Superseding Information*, Crim. Dkt. 98. The Government filed an Amended Information the same day clarifying that McCreery had only one prior felony drug conviction. *Superseding Information*, Crim. Dkt. 100. The enhancement subjected McCreery to a mandatory minimum sentence of twenty years imprisonment on Count One. *Id.* On November 6,

**MEMORANDUM DECISION AND ORDER - 2**

2008, McCreery entered the contemplated plea before this Court.  *Minutes*, Crim. Dkt. 101.

On January 29, 2009, in advance of sentencing, defense counsel filed objections to the Presentence Report and Motions for Downward Departure (Crim. Dkt. 121).  He objected to the failure to allow at least a two-point adjustment for acceptance of responsibility, to the application of the two-level obstruction of justice enhancement, and to the failure to apply a minimal role adjustment.  *Id*.  He generally asked for a downward departure from the guideline range and suggested that the Government would also recommend a downward departure based on McCreery's role in the offense.  *Id*.

On February 11, 2009, the Court granted McCreery's Motion to Continue Sentencing (Crim. Dkt. 124) to facilitate ongoing cooperation including providing information and possible testimony at the trial against his father.  *Order*, Crim. Dkt. 125. McCreery, Sr. ultimately pleaded guilty.  On March 31, 2009, finding that the mandatory minimum of twenty years became the guideline range, the Court sentenced McCreery to a term of imprisonment of 240 months on each count to be served concurrently.  *Minutes*, Crim. Dkt. 131; *Judgment*, Crim. Dkt. 132.  On March 9, 2011, the Ninth Circuit dismissed McCreery's appeal of his conviction and sentence noting defense counsel's *Anders* brief, finding no arguable grounds for relief on direct appeal, finding a valid appeal waiver, and declining to rule on McCreery's claim of ineffective assistance of counsel.  *USCA Mem. Dec.*, Crim. Dkt. 193.

**MEMORANDUM DECISION AND ORDER - 3**

On May 21, 2012, McCreey timely filed the pending § 2255 Motion alleging three grounds of ineffective assistance of counsel related to the § 851 enhancement.  The Government filed the pending Motion to Dismiss asserting waiver and failure to establish either ineffective assistance of counsel or prejudice.

## STANDARD OF LAW

**1.     28 U.S.C. § 2255**

Title 28 U.S.C. § 2255 provides four grounds under which a federal court may grant relief to a federal prisoner who challenges the imposition or length of his or her incarceration: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence is otherwise "subject to collateral attack."  28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that a federal district court judge must dismiss a § 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."  "Under this standard, a district court may summarily dismiss a § 2255 motion only if the allegations in the motion, when viewed against the record, do not give rise to a claim for relief or are 'palpably incredible or patently frivolous.'"  *United States v. Withers*, 638 F.3d 1055, 1062-63 (9th Cir. 2011) (citation omitted).

If the Court does not dismiss pursuant to Rule 4(b), the Court shall order the Government "to file an answer, motion, or other response within a fixed time, or to take other action the judge may order."

The Court may dismiss a § 2255 motion at other stages of the proceeding such as pursuant to a motion by respondent, after consideration of the answer and motion, or after consideration of the pleadings and an expanded record. *See* Advisory Committee Notes following Rule 8 of the Rules Governing Section 2254 Proceedings incorporated by reference into the Advisory Committee Notes following Rule 8 of the Rules Governing Section 2255 Proceedings.

If the Court does not dismiss the proceeding, the Court then determines under Rule 8 whether an evidentiary hearing is required. The Court need not hold an evidentiary hearing if the issues can be conclusively decided on the basis of the evidence in the record. *See Frazer v. United States*, 18 F.3d 778, 781 (9th Cir. 1994).

**2.     Ineffective Assistance of Counsel**

The well-established two-prong test for evaluating ineffective assistance of counsel claims is deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U. S. 668 (1984).  Mere conclusory allegations are insufficient to state a claim of ineffective assistance of counsel.  *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir. 1989).

In order to establish deficient performance, a defendant must show that counsel's performance "fell below an objective standard of reasonableness."  *Strickland*, 466 U.S.

MEMORANDUM DECISION AND ORDER - 5

at 688.  Under the performance prong, there is a strong presumption that counsel's performance falls "within the wide range of reasonable professional assistance."  *Id*. at 689.  This is so because for the defendant, "[i]t is all too tempting . . . to second-guess counsel's assistance after conviction or adverse sentence. . . ."  *Id.*  For the court, "it is all too easy to conclude that a particular act or omission of counsel was unreasonable in the harsh light of hindsight."  *Bell v. Cone*, 535 U.S. 685, 702 (2002) (discussing *Strickland*).

In order to establish prejudice, a defendant must affirmatively prove by a reasonable degree of probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  *Strickland*, 466 U.S. at 694.  The *Strickland* standard is "highly demanding."  *Kimmelman v. Morrision,* 477 U.S. 365, 381-82; 386 (noting that the court should "assess counsel's overall performance throughout the case" when evaluating whether his assistance was reasonable).

Both prongs of the *Strickland* test must be met "before it can be said that a conviction (or sentence) 'resulted from a breakdown in the adversary process that render[ed] the result [of the proceeding] unreliable' and thus in violation of the Sixth Amendment."  *United States v. Thomas*, 417 F.3d 1053, 1056 (9th Cir. 2005) (quoting *Strickland*, 466 U.S. at 687).  Whether or not counsel's performance was deficient is irrelevant if there was no prejudice as both of *Strickland*'s prongs must be met to be entitled to relief.  In evaluating an ineffective assistance of counsel claim, a court may consider the performance and prejudice components of the *Strickland* test in either order.  *Strickland*, 466 U.S. at 697.

**MEMORANDUM DECISION AND ORDER - 6**

## DISCUSSION

**1.    Waiver**

A defendant may waive his statutory right to file a § 2255 motion challenging his sentence. *United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir.), *cert. denied*, 508 U.S. 979 (1993). However, a plea agreement must expressly state that the right to bring a § 2255 motion is waived in order for the waiver to be valid. *United States v. Pruitt*, 32 F.3d 431 (9th Cir. 1994). "The sole test of a waiver's validity is whether it was made knowingly and voluntarily." *United States v. Anglin*, 215 F.3d 1064, 1068 (9th Cir. 2000). The scope of such a waiver is demonstrated by the express language of the plea agreement. *Id*. Nevertheless, even an express waiver may not bar an ineffective assistance of counsel claim challenging the knowing and voluntary nature of the plea agreement or the voluntariness of the waiver itself. *United States v. Jeronimo*, 398 F.3d 1149, 1156 n.4 (9th Cir. 2005) *overruled on other grounds by United States v. Jacobo Castillo*, 496 F.3d 947, 957 (9th Cir. 2007).

### A.    Plea Agreement

The Plea Agreement at issue expressly stated that the right to bring a § 2255 motion was waived:

> A.    In exchange for the Government's concessions in this Plea Agreement, and except as provided in subparagraph B, defendant waives to the full extent of the law any right to appeal or to collaterally attack the conviction, entry of judgment, sentence (including any restitution or forfeiture order), or entry of sentence. This waiver includes appeals and collateral attacks based on any source whatever, including but

**MEMORANDUM DECISION AND ORDER - 7**

not limited to . . . 28 U.S.C. §§ 2241-2255 (habeas corpus). . .
.

B.       * * *

Notwithstanding subparagraph A, *the defendant shall retain the right to file one habeas petition (motion under 28 U.S.C. § 2255) under the following circumstances only: 1. defendant believes he received ineffective assistance of counsel based solely on information not known to the defendant at the time the district court imposed sentence and which, in the exercise of reasonable diligence, could not have been known by the defendant at that time*.

*Plea Agreement* at 8-9 (emphasis added), Crim. Dkt. 82 at 10-11.

The Government claims that McCreery has alleged nothing in his § 2255 Motion that was not known to him or that could not have been known by him in the exercise of reasonable diligence at the time the Court imposed sentence and thus the waiver applies. The Court agrees.

To avoid the clear waiver, McCreery has identified in his Response several factors that he claims rendered the Plea Agreement and the plea colloquy ambiguous regarding the mandatory minimum that coupled with counsel's deficient performance in failing to understand the law regarding § 851 enhancements rendered his plea and waiver unknowing and involuntary. In his Response, he also contends that he did not received adequate notice of the § 851 enhancement.

## B.    Plea Hearing

The Court conducted a very extensive plea colloquy after having placed McCreery under oath. The Court found that McCreery was competent to enter a plea in part based

MEMORANDUM DECISION AND ORDER - 8

on defense counsel's representation that he had no doubt as to McCreery's competence and his belief that McCreery "fully [understood] the ramifications" of entering the plea. *Plea Tr.* at 3-4, Crim. Dkt. 191.

McCreery stated that he had adequate time to discuss his case and the sentencing guidelines with counsel and was satisfied with his representation. *Id*. at 4. The Court then explained that it would establish an offense level and consider it along with his criminal history category to determine an advisory guideline range which would be considered along with other factors, related conduct, and uncharged or dismissed conduct in determining a reasonable sentence. *Id*. at 5. McCreery stated that he understood. *Id*. The Court explained that the guidelines provide for certain departures such as a § 5K1.1 departure for substantial assistance upon the Government's motion which the Court was not required to grant. *Id*. at 6. It explained that the guidelines are advisory only and are to be considered along with a number of other statutory sentencing factors in determining a reasonable sentence. *Id*.

The Court reviewed and explained the rights McCreery was giving up by pleading guilty. *Id*. at 7-9. McCreery stated that he understood. *Id*. McCreery then testified that he had read the Indictment, reviewed the charges with counsel, and understood the charges. *Id*. at 9-10. He also stated that he understood the maximum penalties of life for the drug conspiracy count and up to thirty years on the witness tampering count as well as the mandatory minimum sentence of twenty years on the drug conspiracy count based on the § 851 Information. *Id*. at 10-11. Counsel and the Court discussed the fact that the

MEMORANDUM DECISION AND ORDER - 9

§ 851 Information was not filed before the Plea Agreement was signed and filed but that the Plea Agreement contemplated its filing and thus reflected the twenty-year mandatory minimum. *Id*. at 11-12. McCreery stated that he understood. *Id*. at 12. AUSA Fica recited the elements of the charged offenses and the factual basis of the Plea Agreement, and McCreery stated that he agreed with the summary. *Id*. at 14-16.

The Court next thoroughly reviewed the various provisions of the Plea Agreement, and McCreery stated he had reviewed each and every provision before signing it. *Id*. at 17-18. He testified that he had not only read each provision but also had an opportunity to review the provisions with counsel, that he fully understood each provision before signing the Plea Agreement, and that he understood that he had waived some or all of his rights to pursue habeas corpus relief. *Id*. at 18.

McCreery next testified that no one had made any promises other than those in the Plea Agreement to induce him to plead guilty. *Id*. at 19. He testified that he understood that any estimate of the guideline range by counsel was only a prediction, that the sentence could be much more or much less than counsel's estimate, and that he would not be permitted to withdraw his plea if he got a longer sentence that what counsel estimated. *Id*. at 21-22. Counsel then stated that he was satisfied that McCreery's plea of guilty would be knowledgeable and voluntary, McCreery entered his plea to each charge, and the Court accepted the plea finding that it was knowing and voluntary. *Id*. at 22-23.

**MEMORANDUM DECISION AND ORDER - 10**

C.      **Voluntary and Intelligent Plea**

A guilty plea is constitutionally valid only if it is "voluntary" and "intelligent." *Bousley v. United States*, 523 U.S. 614, 618 (1998) (citing *Brady v. United States*, 397 U.S. 742, 748 (1970)).  A guilty plea is deemed valid when a defendant is advised of the nature and elements of the charges against him as well as the possible punishment and understands that he is waiving his constitutional rights to avoid self-incrimination, to confront his accuser, and to have a jury decide his case.  *See Brady*, 397 U.S. at 749. *See also Bradshaw v. Stumpf*, 545 U.S. 175, 183 (2005).  Furthermore, to be valid, a plea must not be made based on threats, misrepresentations, or improper promises.  *Brady,* at 755.

Statements made in open court at the time of a plea carry a strong presumption of verity and are entitled to great weight.  *Chizen v. Hunter*, 809 F.2d 560, 562 (9th Cir. 1986) (citing *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)); *see also United States v. Kazcynski*, 239 F.3d 1108, 1114-15 (9th Cir 2001) ("substantial weight" must be given to in-court statements).  Even though that presumption is not necessarily an insurmountable barrier to an evidentiary hearing, the "subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id*. (citations omitted).

Here, the Plea Agreement, the very extensive plea colloquy, and McCreery's sworn testimony amply demonstrate that McCreery was advised of the nature and elements of the charges against him, the possible punishment, the mandatory minimum

MEMORANDUM DECISION AND ORDER - 11

on the drug charge, and understood that he was waiving certain constitutional rights thus resulting in a valid plea.  He was also well aware of and agreed to the terms of the Plea Agreement.  His current claims of confusion conflict with his sworn statements at the plea hearing and are entitled to little weight absent ineffective assistance of counsel rendering the plea or waiver involuntary.

**2.      Ineffective Assistance of Counsel**

McCreery claims that counsel was ineffective for (1) misunderstanding the effect of the § 851 enhancement and misrepresenting that the statutory minimum sentence was advisory and that the Court would likely impose a guideline sentence (Ground One), (2) failing to object to the late filing of the § 851 enhancement which changed the terms of and breached the Plea Agreement (Ground Two), and (3) failing to contest the prior conviction underlying the § 851 enhancement on the grounds that the sentence was not more than one year (Ground Three).  As part of these claims, McCreery also claims that the Court contributed to the ambiguity of the Plea Agreement during the plea colloquy by indicating that a guideline sentence was not only possible but likely and failed to inquire whether he wished to admit or deny the prior conviction as required by 21 U.S.C. § 851(b).  Because McCreery's claims essentially all pertain to or are related to the § 851 enhancement, the Court will first address its requirements and the Government's and Court's compliance with that statute.

**MEMORANDUM DECISION AND ORDER - 12**

A.      Section 851 Enhancement

Title 21, Section 841(b) provides for an enhanced sentence if an offense under that section is committed "after a prior conviction for a felony drug offense has become final." 21 U.S.C. 841(b)(A). Title 21 U.S.C. Section 802(44) provides the exclusive definition of "felony drug offense." *Burgess v. United States*, 553 U.S. 124, 129 (2008). Accordingly, a felony drug offense is "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs . . . ." *United States v. Mincoff*, 574 F.3d 1186, 1200 (9th Cir. 2009) (quoting 21 U.S.C. § 802(44)). The court looks only to the fact of conviction and the statutory definition of the prior offense to determine whether the conviction qualifies as a felony drug offense. *United States v. Hollis*, 490 F.3d 1149, 1157 (9th Cir. 2007). However, certain procedures must be followed under 21 U.S.C. § 851 before a sentence may be enhanced.

No person convicted of a drug offense under Title 21 is subject "to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, a United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851(a). If the information is filed, "the court shall after conviction but before pronouncement of sentence inquire of the [defendant] whether he affirms or denies that he has been previously convicted as alleged in the information, and shall inform him that any

MEMORANDUM DECISION AND ORDER - 13

challenge to a prior conviction which is not made before sentence is imposed may not thereafter be raised to attack the sentence."  21 U.S.C. § 851(b).

Section 851 is a procedural statute enacted to provide a defendant an opportunity "to challenge the information [and] make an informed decision about whether or not to plead guilty."  *United States v. Severino*, 316 F.3d 939, 943 (9th Cir. 2003) (en banc) (citation omitted).  "[T]he facts and the law either exist to enhance defendant's sentence or they don't . . . ."  *Id*.  Pursuant to the statute, "[t]he information must be in writing; it must be filed with the court and served on the defendant or his counsel; it must be filed and served before trial or a guilty plea; and the substance of the information must identify the previous conviction(s)."  *Id*. (citing 21 U.S. C. § 851(a)).  "The Ninth Circuit requires strict compliance with the procedural aspects of section 851(b)" regarding the duty of the Court under the statute.  *United States v. Hamilton*, 208 F.3d 1165, 1168 (9th Cir. 2000) (citation omitted).  However, *Severino* reads *Hamilton*'s strict compliance requirement to describe only what is necessary to *satisfy* the statute in the face of a defendant's objection.  *Severino*, 316 F.3d at 947.  A court's failure to comply with § 851(b) may be waived either explicitly or by failing to object.  *Id*. 947-48.

## B.    Specific Claims

McCreery supported his § 2255 Motion and Reply with Affidavits.  In the first, he states that "[a]t all times prior to and during the plea process . . . Mr. Peterson continually represented to me that the minimum twenty year sentence was up to the judges (sic) discretion and I would likely receive the bottom of my applicable guidelines (151-188

**MEMORANDUM DECISION AND ORDER - 14**

months).” *McCreery Aff.* ¶ 2, Civ. Dkt. 1-2.  He further stated that the document attached

to his § 2255 Motion as Exhibit D was “a document prepared by Mr. Peterson and that he

represented to me was going to be filed to (sic) the Court of Appeals in my behalf.”  *Id*.

¶ 3.  The document Mr. Peterson prepared was an incomplete draft of an appellate brief

containing the following argument: “That Defendant’s sentence was excessive in light of

the court’s ruling in *United States v. Ameline*. The sentencing court should have applied

the directive of *Ameline* and sentence (sic) the Defendant below the mandatory minimum

guideline level.”  *McCreery Aff.*, Ex. D, Statement of Issue Presented for Appeal, at 1.

The draft went on to state that the 240-month sentence was excessive given McCreery’s

role in the offense, his addiction, his father’s control over him, and the advisory nature of

the guidelines.  *Id*. at 9-10.  Significantly, the Government did not submit an affidavit

from Mr. Peterson countering those statements.  The Court notes, however, that Mr.

Peterson did *not* submit a brief based on that draft but rather ultimately filed an *Anders*

brief.

     In his second Affidavit, McCreery stated the following:

> 1.    At my plea hearing in this case the government did not
> present me nor my attorney the actual § 851 notice.

2.      After sentencing I received a letter from Mr. Peterson stating that he had made a mistake and that it was not my enhancement that had been withdrawn but my fathers (sic).[1]

3.      Mr. Peterson represented to me several times in this matter that the twenty-year minimum discussed in my plea agreement was advisory only and that the judge would have the discretion to give me less than the twenty-year minimum.

4.      Further, when I asked my attorney about the minimum and the enhancement at the time I reviewed the plea agreement in this case he did not advise me at that time that the enhancement was being filed and he said not to worry about the twenty-years because the judge would not likely give me that much time.

5.      Numerous times during telephone conversations from the county jail, I spoke to Mr. Peterson on the telephone he told me that the enhancement in this case had been withdrawn, that I would likely receive a guideline sentence, etc.

6.      Had Mr. Peterson properly explained the law to me I would not have pled guilty to the enhanced penalty.

*Second McCreery Aff.*, Civ. Dkt. 19-1.

---

[1] At McCreery, Sr.'s change of plea hearing on November 20, 2008, he expressed a desire to withdraw from his Plea Agreement (Crim. Dkt. 85) because the Government had subsequently filed an § 851 enhancement (Crim. Dkt. 99) increasing the statutory minimum from ten to twenty years.  Because the Plea Agreement stated that the statutory minimum was ten years (and not twenty years as it did in McCreery's Plea Agreement), the Court determined that either the Government should be held to the Plea Agreement or that the parties should be permitted to withdraw from it.  *Minutes*, Crim. Dkt. 94. Four days later, on November 24, 2008, the Government filed a Motion to Dismiss Superseding Information (Crim. Dkt. 104).  Withdrawal of the sentencing enhancement had no effect on the ultimate sentence because McCreery Sr.'s guideline range exceeded twenty years, and the Court sentenced him to 312 months based on a guideline range of 292-365. *Judgment*, Crim. Dkt. 164.  *McCreery, Sr. Sent. Tr.* at 174, Crim. Dkt. 174 at 48.  McCreery, Sr.'s enhancement had not yet been dismissed at the time McCreery entered his plea.

**MEMORANDUM DECISION AND ORDER - 16**

Taken together, McCreery's claims do not challenge the specificity of the Information.  Indeed, the government need only include "sufficient facts so that a rational defendant can identify the prior conviction and make an informed decision about whether to challenge the substance of the information."  *Severino*, 316 F.3d at 943 (finding notice sufficient where only the state of conviction was incorrect).  Here, there is no doubt as to the identity of the predicate conviction.  McCreery does not allege that he was not convicted in that case.  Rather, he challenges only the adequacy of the service and lack of required admonitions.

### (1)     Compliance with Section 851(a)

Here, the § 851 Information was in writing, was filed with the Court and served on counsel through the Court's electronic case filing ("ECF") system, was filed and served before entry of the guilty plea, and identified with specificity the previous felony conviction on which the Government was relying.[2]  The ECF system indicates that it was filed the day before the plea hearing.  The Government provides no basis for its assertion in its Motion to Dismiss that both counsel and defendant were served the day before the

---

[2]   Pursuant to the Federal Rules of Evidence 201, the Court takes judicial notice that according to the Idaho Repository, McCreery was convicted of violating Idaho Code § 37-2732(a)(1)(A).  That statute of conviction provides that "it is unlawful for any person to manufacture or deliver, or possess with intent to manufacture or deliver, a controlled substance" and further provides that such person doing so "is guilty of a felony and upon conviction may be imprisoned for a term of years not to exceed life imprisonment. . . ."  *See* www.idcourts.us/repository.

**MEMORANDUM DECISION AND ORDER - 17**

hearing, so the Court will assume they were not. The Government's certificate of service indicates that the § 851 Superseding Information (Civ. Dkt. 98) "was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing" to McCreery's attorney. The Amended § 851 Information does not contain a certificate of service, but it was filed using the CM/ECF system which sent a Notice of Electronic Filing to him.[3] The ECF system indicates that notices were electronically mailed to counsel the morning of the plea hearing prior to its start. There is no requirement that it be served on a defendant if it is served on his counsel.

In *Severino*, the en banc court found that service of the § 851 enhancement pursuant to Rule 5(b)(2)(B) of the Federal Rules of Civil Procedure (applicable through Rule 49(b) of the Federal Rules of Criminal Procedure) was complete on mailing and thus complied with the statute. Likewise, here, service pursuant to Rule 5(b)(2)(E) of the Federal Rules of Civil Procedure was complete upon transmission when sent by electronic means. Thus, the statutory requirements to establish the enhancement were met.

*Severino* recognized that statutory compliance does not always equate with the constitutional requirement of adequate notice. *Severino*, 316 F.3d at 946. The Ninth

---

[3] As stated above, the Amended Information was filed to correct the error in the Information that McCreery had two or more felony convictions. The description of the predicate conviction was the same in both documents.

Circuit determined there that notice was adequate where the Severino offered no evidence that the § 851 Information was not served prior to the hearing as indicated by the government's certificate of service, counsel and the defendant were "well aware of the drug prior, and were fully expecting to have it raised at the change of plea hearing," had discussed the prior conviction before the hearing, did not object to proceeding with the change of plea hearing or ask for a recess, and offered no grounds for challenging the conviction.  *Id.* at 946-47.  Similar circumstances exist here.

At the change of plea hearing, AUSA Fica mentioned that a sentencing enhancement information had been filed based on a prior drug conviction.  *Plea Tr.* at 10. Defense counsel agreed that there was a prior drug conviction.  *Id.*  The Court then advised McCreery that because of the information, there would be a 20-year mandatory minimum sentence.  *Id.*  AUSA Fica explained that the information had not been filed at the time the Plea Agreement was filed, but its filing had been anticipated.  *Id.* at 11. Defense counsel stated that it was understood that the enhancement would be filed and that he explained that to McCreery.  *Id.*  When asked by the Court if he understood that as a result there would be a mandatory minimum sentence of twenty years, McCreery responded yes.  *Id.* at 12.  Thus, like the defendant in *Severino*, it appears that McCreery received constitutionally adequate notice of the enhancement.

Because the Government complied with § 851(a) statutorily and constitutionally, McCreery's claim of ineffective counsel for failure to object to late notice does not

**MEMORANDUM DECISION AND ORDER - 19**

excuse McCreery's waiver.  *See Severino*, 316 F.3d at 948 ("There can be no error in failing to object to an adequate information.").

### *(2)      Section 851(b)*

At the sentencing hearing, while there was mention on several occasions of the twenty-year mandatory minimum, McCreery correctly alleges that the Court failed to inquire whether he wished to admit or deny the prior conviction as required by § 851(b).

*Severino* involved an appeal from a sentence imposed on remand following a successful § 2255 motion on an unrelated ground.  The court reviewed his claim of failure to comply with § 851(b) for harmless error finding that its requirements can be waived.  *Severino*, 316 F.3d at 947.  Severino admitted that he had no way to challenge the validity of the prior conviction and "walked into the plea agreement voluntarily, aware that he was almost certainly going to be subject to a mandatory minimum on account of the prior."  *Id*. at 948.  The court concluded that "Severino cannot plausibly argue that he would have done anything differently, had the district court properly asked him to affirm or deny the prior conviction, or had the district court informed him that he would lose the right to challenge that conviction upon accepting the plea."  *Id*.

Here, McCreery's *post hoc* contention that counsel led him to believe the mandatory minimum was advisory – in spite of (1) his being advised in the Plea Agreement and at the plea hearing that the mandatory minimum was twenty years, and (2) his stating unequivocally at the plea hearing that he understood – is simply not plausible.  He pleaded guilty before his father's sentencing enhancement was dismissed,

MEMORANDUM DECISION AND ORDER - 20

so any mistake by counsel in stating that McCreery's sentencing enhancement had been withdrawn is irrelevant. McCreery could not have entered his plea believing the enhancement had been dismissed. He entered the plea after being advised in writing and at the hearing that the mandatory minimum was twenty years. Finally, and most importantly, McCreery does not now and never has challenged the prior conviction itself. Even if counsel had objected to the failure of the Court to give the required admonition, the Court would have given the admonition and sentencing would have proceeded.

### (c)    *Challenging the Prior Conviction*

McCreery alleges that counsel was ineffective for failing to contest the prior conviction on the grounds that his sentence was not more than one year. In other words, he is not alleging that he was not convicted of the offense or that his conviction was illegal. He challenges only the application of the enhancement because the sentence imposed was ultimately reduced to probation. However, as indicated above, the definition of felony drug offense in 21 U.S.C. § is not based on the length of the sentence received but on the sentence exposure. McCreery was subject to a sentence of more than one year. Thus, any objection would have been futile, and counsel was not ineffective for failing to object.

### C.    Related Claims

McCreery claims that the Plea Agreement was ambiguous and that the Court contributed to the ambiguity during the plea colloquy when it allegedly indicated a guideline sentence was not only possible but likely. Absent a finding of ineffective

**MEMORANDUM DECISION AND ORDER - 21**

assistance of counsel, this claim is waived to the extent that McCreery intended this to be an independent claim.  Nevertheless, the Court has reviewed the Plea Agreement and the transcript of the plea hearing and finds that neither was ambiguous.  As discussed in more detail below, the Plea Agreement provided notice that the mandatory minimum sentence was twenty years and the Court confirmed that fact at the plea hearing.  The Plea Agreement also contained a cooperation provision under which McCreery could have been sentenced without regard to the mandatory minimum thus leaving open the possibility of a guideline sentence and consideration of mitigating circumstances.  Thus, it was appropriate to indicate that a guideline sentence (or less based on mitigating factors) was possible if McCreery complied with the cooperation provision.

## CONCLUSION

McCreery's detailed claims and counsel's possible assumption up until the day of sentencing that a sentence of less than twenty years was possible initially caused the Court some concern.  However, a review of the record provides context and perspective.  Indeed, counsel likely did speak with McCreery of a guideline sentence and the possibility of a further reduction based on various mitigating factors.  However, McCreery was advised, and stated that the understood, that any estimate by counsel was only a prediction, that the sentence imposed could be much more or much less than that estimate, and that he could not withdraw his plea if the sentence was longer than counsel's estimate.  *Plea Tr.* at 21-22.

**MEMORANDUM DECISION AND ORDER - 22**

It is apparent from the Plea Agreement that there was potential for and perhaps even an expectation of a sentence of less than twenty years.  *See Plea Agreement*, ¶ VI.C., Crim. Dkt. 82 at 9.  The Plea Agreement contained a cooperation provision and a provision that the Government would request the Court to depart downward from the sentencing range pursuant to USSG § 5K1.1[4] and/or any mandatory minimum pursuant to 18 U.S.C. § 3553(e)[5] if it determined that any cooperation McCreery provided amounted

-----

[4] Section 5K1.1 of the United States Sentencing Guidelines is a Policy Statement of the United States Sentencing Commission stating:

Upon motion of the government stating that the defendant has provided substantial assistance in the investigation or prosecution of another person who has committed an offense, the court may depart from the guidelines.

(a)    The appropriate reduction shall be determined by the court for reasons stated that may include, but are not limited to, consideration of the following:

(1)    the court's evaluation of the significance and usefulness of the defendant's assistance, taking into consideration the government's evaluation of the assistance rendered;

(2)    the truthfulness, completeness, and reliability of any information or testimony provided by the defendant;

(3)    the nature and extent of the defendant's assistance;

(4)    any injury suffered, or any danger or risk of injury to the defendant or his family resulting from his assistance;

(5)    the timeliness of the defendant's assistance.

[5] Section 3553(e) of Title 18 provides:

(Continued)

**MEMORANDUM DECISION AND ORDER - 23**

to "substantial assistance." *Id.*  Indeed, plea agreements with cooperation provisions are typically offered only to defendants who have indicated an intent to cooperate to reduce their sentencing exposure.  Likewise, it is apparent from the record that cooperation efforts continued up until sentencing.  *Sent. Tr.* at 9; 13.  Initially, in response to the Court's statement that it could not sentence below the mandatory minimum because the Government had not moved under § 3553(e), Mr. Peterson acknowledged the situation and explained that "we were right down to the minute of the 3553(e), and it fell through, just momentarily . . ." and that it "ha[d] fallen out of the picture . . . "  thus obviating the need to call the planned witnesses.  *Sent. Tr.* at 9.  Subsequently, in his sentencing argument, Mr. Peterson stated, "As I indicated, we just had a meltdown in what we thought was a cooperation agreement" and added that it "may still pan out in a Rule 35." *Sent. Tr.* at 13.  To date, it has not.

Whether defense counsel misunderstood the law, felt that there was a possibility of a § 5K1.1/§ 3553(e) motion by the Government, or truly had mistakenly thought that

---

Upon motion of the government, the Court shall have the authority to impose a sentence below a level established by statute as a minimum sentence so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person who has committed an offense.  Such sentence shall be imposed in accordance with the guidelines and policy statements issued by the Sentencing Commission pursuant to section 994 of title 28, United States Code.

**MEMORANDUM DECISION AND ORDER - 24**

the sentencing enhancement had been withdrawn is irrelevant; thus an evidentiary hearing is not required to resolve those issues. Even if defense counsel provided ineffective assistance of counsel, McCreery has not demonstrated prejudice. While he does say that he would not have pleaded guilty to the enhanced penalty, he has not shown that if he had gone to trial he would have obtained a better result. He does not argue that he had a valid defense to the four charges against him. Rather, he argues that various mitigating factors could have been considered at sentencing. But, those mitigating factors would have been irrelevant. He was subject to the 20-year mandatory minimum sentence based on his prior conviction. No amount of mitigation could change that.

McCreery's arguments about the enhancement fail now and would have failed at sentencing even if he had gone to trial. The potential but unrealized benefit of the Plea Agreement was a sentence below the mandatory minimum had he cooperated sufficiently to prompt a § 5K1.1/§ 3553(e) motion from the Government. Apparently, McCreery attempted to cooperate, but was unsuccessful in providing information which the government deemed sufficiently valuable to justify a § 5K1.1/§ 3553(e) motion. Significantly, he does not argue that his efforts warranted a § 5K1.1 departure and he does not argue that counsel was ineffective for failing to facilitate cooperation. Without the Government's motion, the Court, as it stated at sentencing, had no discretion to impose a sentence of less than twenty years. McCreery was fully advised of that possibility prior to entering his plea.

## CERTIFICATE OF APPEALABILITY

**MEMORANDUM DECISION AND ORDER - 25**

A § 2255 movant cannot appeal from the denial or dismissal of his § 2255 motion unless he has first obtained a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  A certificate of appealability will issue only when a movant has made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To satisfy this standard when the court has dismissed a § 2255 motion (or claims within a § 2255 motion) on procedural grounds, the movant must show that reasonable jurists would find debatable (1) whether the court was correct in its procedural ruling, and (2) whether the motion states a valid claim of the denial of a constitutional right.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When the court has denied a § 2255 motion or claims within the motion on the merits, the movant must show that reasonable jurists would find the court's decision on the merits to be debatable or wrong.  *Id.*; *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006).

After carefully considering the record and the relevant case law, the Court finds that reasonable jurists would not find the Court's decision to be debatable or wrong.

## ORDER

**IT IS ORDERED:**

1. The Government's Motion to Dismiss (Civ. Dkt. 14) is **GRANTED** and Robert Mathis McCreery, Jr.'s Motion to Vacate/Set Aside/Correct Sentence Pursuant to 28 U.S.C. § 2255 (Civ. Dkt. 1) and (Crim. Dkt. 196) is **DISMISSED**.

**MEMORANDUM DECISION AND ORDER - 26**

2.  No certificate of appealability shall issue.  McCreery is advised that he may still request a certificate of appealability from the Ninth Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 22(b) and Local Ninth Circuit Rule 22-1.  To do so, he must file a timely notice of appeal.

3.  If McCreery files a timely notice of appeal, and not until such time, the Clerk of Court shall forward a copy of the notice of appeal, together with this Order, to the Ninth Circuit Court of Appeals.  The district court's file in this case is available for review online at www.id.uscourts.gov.

DATED: September 29, 2015

B. Lynn Winmill
Chief Judge
United States District Court

**Memorandum Decision And Order - 27**