UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT DAVID MCCREERY, SR.,<br><br>    Defendant. | Case No. 4:08-cr-00091-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Robert McCreery's Motion for Reduction of Sentence under 18 U.S.C. § 3582(c) (Compassionate Release). Dkt. 205. The Government opposes the motion. Dkt. 206. After considering the briefing and record, the Court will grant the motion.

## BACKGROUND

McCreery is 65 years old and suffers from Stage IV (end stage) COPD, emphysema, hyperlipidemia, and heart issues – among other illnesses. On February 13, 2009, McCreery pled guilty to Conspiracy to Distribute a Controlled Substance (methamphetamine) and Tampering with a Witness. McCreery was sentenced to 312 months incarceration, which was later reduced to 251 months. Dkt. 164, 203.

McCreery was initially charged with conspiracy to distribute methamphetamine, possession with intent to distribute methamphetamine, use of mail for murder for hire, and tampering with a witness. McCreery was held responsible for 500 grams of methamphetamine, which the Probation officer described as "extremely fair" considering how long the defendant had been selling methamphetamine. *PSR* ¶ 39. In a recorded jail call McCreery complained that he had not been caught for 13 years and someone had ratted him out. *Id.* ¶ 26. After being arrested on the drug charges, McCreery approached another prisoner about killing two witnesses in his case. The other prisoner introduced McCreery to an undercover officer posing as someone who could potentially kill the witnesses. McCreery told the undercover that he needed the witnesses "taken care of" before his trial. *Id.* ¶ 25. The undercover officer was instructed to talk to McCreery's son. McCreery's son eventually gave the undercover officer an envelope with $500 and an address for one of the witnesses. *Id.* ¶ 31. McCreery's son told the undercover officer that McCreery wanted the witness "gone," which is consistent with what McCreery told his son in their recorded jail phone calls. *Id.* ¶¶ 27-31.

McCreery has been incarcerated since March 2008. He is currently housed at FMC Fort Worth. FMC Fort Worth currently has 4 inmates and 13 staff with

COVID-19.[1] According to BOP, McCreery has a statutory release date of March 1, 2027, but may be eligible for an elderly offender two thirds date of April 14, 2023. He has served almost 55 percent of his sentence.

McCreery has Stage IV or end stage COPD. He requires supplemental oxygen to breath and has been issued a walker to help move about. Due to the COVID lockdown he is not able to get his nebulizer. In May 2020 he was seen by medical staff due to shortness of breath and low oxygen levels. In addition to his COPD, McCreery is underweight and suffers from malnutrition.

If released, McCreery will live with his sister. The probation officer conducted a home assessment of McCreery's sister's house. The probation officer confirmed that neither McCreery's sister nor her husband have criminal history. Further, McCreery's sister is willing to transport McCreery to medical appointments, testing, and supervision appointments.

## LEGAL STANDARD

McCreery brings his motion under 18 U.S.C. § 3582(c)(1)(A), which requires a defendant to exhaust his BOP remedies prior to filing a motion for compassionate release. The Government agrees that McCreery has met the

---

[1] According to the BOP website, 601 inmates and 15 staff have recovered from COVID-19 at FMC Fort Worth. https://www.bop.gov/coronavirus/ (last accessed Nov. 18, 2020).

exhaustion requirement, giving this Court jurisdiction to hear his motion under § 3582.

In order to modify a sentence and grant compassionate release, a district court must first consider the 18 U.S.C. § 3553(a) factors.  Next, the court must find that "extraordinary and compelling reasons warrant such a reduction."  *See* 18 U.S.C. § 3582(c)(1)(A). Extraordinary and compelling reasons include the defendant "suffering from a serious physical…condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmnt. 1(A)(ii). Factors to consider in determining the risk to community safety include the nature and circumstances of the offense, the offender's history and characteristics, and the nature and seriousness of the danger posed by the offender's release.  *See* 18 U.S.C. § 3142(g).

## ANALYSIS

The Government agrees that McCreery's COPD and other medical conditions, combined with the current COVID-19 pandemic, present extraordinary and compelling reasons for granting release under § 3582(c). Dkt. 206 at 5. However, the Government opposes release based on the § 3553(a) factors and because, it argues, McCreery is still a danger to the community. *Id.*

To be sure, McCreery's criminal history and criminal conduct in this matter are severe. However, McCreery's physical condition has seriously degraded since he was sentenced to incarceration. McCreery has been incarcerated for twelve years and now requires full-time supplemental oxygen due to his COPD, and a four-legged walker to move about. He does not have access to his nebulizer in prison, due to the COVID lockdown – which exacerbates his COPD. Prison medical staff describes McCreery as a fragile, polite, and respectful inmate. Dkt. 205-2. McCreery also suffers from malnutrition and while he stands at 5' 10", his weight is now 116 pounds. McCreery has a satisfactory release plan, living with his sister and her husband. Further he has had no disciplinary issues while in prison and has availed himself of significant programming.

Considering McCreery's seriously degraded medical state, his record while incarcerated, and the amount of time he has served in prison, the Court finds that the § 3553(a) factors weigh in favor of granting McCreery's motion. His degraded medical state and release plan also show that he is not a danger to the community, or of reoffending, if released. Accordingly, the Court will grant McCreery's motion for compassionate release.

## ORDER

**IT IS ORDERED** that the motion for compassionate release (Dkt. 205) is GRANTED and that the Bureau of Prisons is directed to release the defendant as soon as possible from incarceration to begin serving his term of Supervised Release.

DATED: November 23, 2020

B. Lynn Winmill
U.S. District Court Judge